The STATE of Oklahoma, ex rel. Robert SCHULTE, District Attorney for the Fifth District of Oklahoma; the Board of County Commissioners of Comanche County, Oklahoma, a political subdivision of the State of Oklahoma, Appellees,

v.

HALLCO ENVIRONMENTAL, INC., an Oklahoma Corporation; George F. Stuever, Appellants.

No. 79591.

Supreme Court of Oklahoma.

Dec. 13, 1994.

Robert C. Schulte, Dist. Atty., Taylor C. Stein, Keith B. Aycock, T. Cherese Bagwell, Asst. Dist. Attys., Lawton, for appellees.

Robert D. Tomlinson, Robert L. Roark, Mark B. McDaniel, Stacy Cole McDaniel (McKinney, Stringer & Webster, P.C., of counsel), Oklahoma City, Ralph Newcomb, Jerry Babbitt, Lawton, for appellants.

ALMA WILSON, Justice:

The appellants, Hallco Environmental, Inc., and George F. Stuever, appeal from an order of the district court, which dissolved a temporary restraining order against the appellants, dismissed the State of Oklahoma as a plaintiff, but issued a temporary injunction against the appellants and required the Board of Commissioners of Comanche County to post a bond. The appellees filed a cross-petition in error. The appellants urge that the district court erred in granting a temporary injunction. The appellees allege various errors, but filed a subsequent motion to dismiss the appeal on the ground that the case had become moot. The appellants object to the dismissal.

■ The appellants' petition in error states that they seek to have the trial court's order granting a temporary injunction reversed. Pursuant to 12 O.S.1991, § 952(b)(2), this Court is given jurisdiction to review orders granting an injunction. "The ultimate issue is whether the trial court. abused its discretion in granting the temporary injunction." *Board of Regents of the University of Oklahoma v. National Collegiate Athletic Ass'n,* 561 P.2d 499, 501 (Okla. 1977). This Court may reverse, vacate or modify a judgment of the district court where our review of the nature of the case and the facts properly before the trial court reveals that the injunction should not have been granted. *Board of Regents,* 561 P.2d at 501.

The Oklahoma State Department of Health, on October 31, 1991, granted Hallco Environmental, Inc. a Solid Waste Permit for a nonhazardous specified industrial solid waste landfill in Comanche County, Oklahoma. One of the appellants, George F. Stuever, is the landowner and leased the site to Hallco, which is to operate the landfill. But on December 19, 1991, the Board of County Commissioners of Comanche County declared a moratorium on private solid waste disposal sites in the county. The appellants sued the Board of Commissioners on January 24, 1992, seeking a declaratory judgment invalidating the moratorium and enjoining its enforcement. The appellants asked for dam-ages as well. The case was assigned to a judicial office that was vacant at the time.

On April 24, 1992, the appellees sued the appellants seeking a temporary restraining order and temporary injunction because of alleged public nuisance and the moratorium. The court granted an *ex parte* temporary restraining order against the appellants and held a hearing five days later. After the court found no public nuisance existed, it dismissed the State of Oklahoma from the case and dissolved the temporary restraining order. But the temporary injunction was granted because of the pending case involving the moratorium.

■ The appellees' motion to dismiss reveals that the moratorium was rescinded on July 22, 1992, and submits that because the temporary injunction was based upon the moratorium, it must now be extinct. The separate order of the trial court reveals that the temporary injunction was issued because of the moratorium, and because there was at that time, no judge to hear the issues. The appellants do not deny that the moratorium is now extinct nor do they claim that their lawsuit is not being heard because the judicial office is still vacant. The uncontested facts would reveal that the case is now moot.

But the appellants assert that the real issue is whether a landfill which has already been properly permitted by the Oklahoma State Department of Health can be effectively precluded by local legislative action taken subsequent to the issuance of the permit. The appellants argue that voluntary cessation of challenged conduct does not make a case moot, *County of Los Angeles v. Davis,* 440 U.S. 625, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), and that the facts fall into the well-recognized exception to the mootness doctrine as being "capable of repetition, yet evading review," *Federal Land Bank of Wichita v. Story,* 756 P.2d 588 (Okla.1988).

The parties have cited *Bankoff v. Board of Adjustment of Wagoner County,* 875 P.2d 1138 (Okla.1994), which similarly involves an amendment to a county zoning ordinance effectively denying a permit subsequent to a permit issued by the Oklahoma State Department of Health to operate a landfill. This Court held inter alia that a "balancing of

**996**

equities" must be done by weighing and determining the respective interests of the property owner and the zoning authority. *Bankoff,* 875 P.2d at 1142. The appellants and appellees agree that the appellants' lawsuit would test the moratorium and the subsequently enacted regulations. We have held that an appellate forum cannot exercise first-instance jurisdiction by making initial decisions on facts or law, but will remand with directions that they be made by the trial court. *American Ins. Ass'n v. State Industrial Com'n,* 745 P.2d 737, 740 (Okla.1987). But the issues urged by the appellants are already before the district court in a separate case.

Accordingly, we find that the issue presented by the appellants and by agreement of the appellees is moot and should be dismissed. It is so ordered.

APPEAL DISMISSED.

HODGES, C.J., and SIMMS, HARGRAVE, KAUGER, SUMMERS and WATT, JJ., concur.

LAVENDER, V.C.J., and OPALA, J., dissent.