**DORCHESTER HUGOTON, LTD.,
a Texas Limited Partnership,
Appellee,**

v.

**DORCHESTER MASTER LIMITED PARTNERSHIP, a Texas Limited Partnership; Parker & Parsley Gas Processing Co., Parker & Parsley Development Co. and Midland Gas Processing Co., Appellants.**

No. 83,475.

Court of Appeals of Oklahoma,
Division No. 3.

May 7, 1996.

Rehearing Denied June 10, 1996.

Certiorari Dismissed Sept. 30, 1996.

---

Philip D. Hart, L. Vance Brown, Oklahoma City, for Appellants.

David K. Petty, Guymon, and Mark D. Christiansen, Oklahoma City, for Appellee.

## OPINION

HANSEN, Presiding Judge:

Appellants, Dorchester Master Limited Partnership ("DMLP"), Parker & Parsley Gas Processing Co. and Parker & Parsley Development Co. (collectively "P & P"), and Midland Gas Processing Co. ("Midland"), seek review of the trial court's order which denied their application for a temporary injunction against Appellee Dorchester Hugoton, Ltd. ("Dorchester"). Appellants sought a temporary injunction against Dorchester, to enjoin Dorchester from interfering with Appellants' rights to process the gas pro-

duced from Dorchester's wells and from interfering with its possession, operation and control of a gas gathering pipeline system, which is referred to as the Hooker Gas Plant Gas Gathering System. This is a Companion Appeal to Appeal No. 83,565 and the facts set forth in that opinion need not be set forth again here.[1]

On April 19, 1994, Dorchester sought the temporary injunction here appealed. On April 20, 1994, the trial court held a combined hearing to consider both the permanent injunction request of Dorchester in C–89–34 (the subject of Appeal No. 83,565) and a request for a temporary injunction from Appellants in this action, C–93–6 (hereafter "the 6 Case").[2] On April 26, 1994, the trial court granted a permanent injunction to Dorchester in C–89–34 ("the 34 Case"), denied Appellants' application for a temporary injunction in this action, and vacated a restraining order entered by the trial court on April 19, 1994.

To defeat Appellants' application for temporary injunctive relief, Dorchester argued ownership of the gas gathering system had been adjudicated by the 34 Case judgment and that it was the rightful owner of the gas gathering system. In denying the temporary injunction the trial court relied on the doctrine of res judicata per the judgment in the 34 case and upon its own order which granted partial summary judgment on December 22, 1993, in this action. The trial court stated:

> The order of the Court of Appeals of November 2, 1993 is a final judgment. Judge Leach was very specific as far as his reference of the assignment of '86. It has been bantered around before this Court and disected [sic] and presented and looked at from many different angles. And if there was ever a time that I believe this Court could rely on an order as res judicata I believe it would be this Court relying on the Court of Appeals order in the C–89–34 case and as entered by the Court of Appeals on November 2, 1993.

> Certainly res judicata is something that has been bantered about more than a little bit in these proceedings. And I want it clear that that is obviously the larger part of what I am relying on in the orders I will

1. Dorchester's motion to dismiss this appeal is denied. Dorchester argues Appellants have abandoned this appeal because on May 4, 1994, they filed a petition in the District Court of Dallas County, Texas, against Dorchester which involves "the same subject matter involved in this appeal". Dorchester's citations of authority are factually inapposite. A copy of the Dallas County petition is attached to Dorchester's motion which shows Appellants are seeking damages for breach of contract due to Dorchester's failure to make required production payments and for its failure to notify Appellants of additional wells so that Appellants could participate. Appellants also allege tortious interference with contractual relationships and unfair competition. Appellants' cause of action for damages due to tortious interference with contract is based on Dorchester's alleged wrongful actions in withholding gas from the Hooker Gas Plant and preventing Appellants from accessing gas gathered behind the Hooker Gas Plant. Appellants respond that the damages it seeks in the Dallas County action are based on injury which occurred on and after May 1, 1994, which was after the denial of the temporary injunction. The order here appealed and the Dallas lawsuit are not "identical subject matter" which requires us to deem this appeal abandoned.

2. Dorchester filed its Petition in C–93–6 on January 20, 1993, against Parker & Parsley Gas Processing Co., DMLP, Parker & Parsley Develop-

ment Company and Midland Gas Processing Co. In the First Amended Petition, Dorchester alleged these defendants violated the parties' gas processing agreement and sought damages for underpayment. Dorchester also sought a declaratory judgment regarding certain rights under the gas processing agreement. Dorchester alleged the defendants slandered its title to the real and personal property conveyed in the 1986 Assignment which was the subject of the 34 quiet title, *including the gas gathering system, and sought to quiet title thereto.* Dorchester also pleaded conversion and tortious interference with contract. Defendants counterclaimed for a declaratory judgment that the 1986 Assignment did not transfer the gathering system to Dorchester and alternatively, for reformation of the Assignment. On December 22, 1993, the trial court entered an order granting partial summary judgment to Dorchester, concluding the gas gathering system was conveyed to Dorchester by the 1986 Assignment. Defendants have filed a cross-motion for partial summary judgment and argue the 1986 Assignment should be reformed because the parties did not agree to the sale of or intend to transfer ownership of the Hooker Gas Plant gas gathering system to Dorchester by the 1986 Assignment. On the record before us, this motion is still pending.

be entering here momentarily as well as recognizing this Court's own Order of Summary Judgment entered December 22, 1993 in the C–93–6 case.

On appeal, Appellants argue the trial court erred in denying their motion for temporary injunction on the erroneous conclusion the 34 Case judgment was res judicata as to the issue of ownership of the gathering system and that the trial court gave little or no weight to the four factors which ordinarily are weighed and considered when ruling on a motion for temporary injunction. These four factors are: 1) the applicant's likelihood of success on the merits, 2) irreparable harm to the party seeking relief if injunctive relief is denied, 3) relative effect on the other interested parties, and 4) public policy concerns arising out of the issuance of injunctive relief. *Roye Realty & Developing, Inc. v. Watson,* 791 P.2d 821, 823 (Okla.App. 1990). Appellants ask this Court to reverse the trial court's judgment and grant its application for temporary injunctive relief.

In an equitable action, this Court will review the evidence but will not disturb an order granting or refusing an injunction unless there is a showing that the court abused its discretion or that the judgment is clearly against the weight of the evidence. *Roye Realty & Developing, Inc. v. Watson,* 791 P.2d 821 (Okla.App.1990); *First American Bank & Trust Co., Purcell, Oklahoma v. Sawyer,* 865 P.2d 347 (Okla.App.1993). This Court may reverse, vacate or modify a judgment of the district court where our review of the nature of the case and the facts properly before the trial court reveals that the injunction should not have been granted. *State ex rel. Schulte v. Hallco Environmental, Inc.,* 886 P.2d 994 (Okla.1994).

We determined in Companion Appeal No. 83,565 that res judicata was an improper basis to grant the permanent injunction there appealed. It was similarly an improper basis upon which to deny Appellants' motion for a temporary injunction in this action. Because the trial court's decision to deny the temporary injunction was not based on an analysis of the evidence as applied to the four factors for temporary injunction as enumerated in *Roye,* supra, and this Court is not a first-instance trier of fact, we cannot say as a matter of law Appellants are entitled to the requested temporary injunction. The trial court erred by denying Appellants' application for temporary injunction on the basis of res judicata. The trial court's order denying the temporary injunction is hereby REVERSED and this cause is REMANDED for proceedings consistent with this opinion and the decision entered in Appeal No. 83,565.

ADAMS, V.C.J., and JONES, J., concur.