TREAT v. STITT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:TREAT v. STITT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 TREAT v. STITT
2020 OK 64
Case Number: 118829
Decided: 07/21/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 64, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



THE HONORABLE GREG TREAT, SENATE PRESIDENT PRO TEMPORE, in his official capacity, and THE HONORABLE CHARLES MCCALL, SPEAKER OF THE HOUSE, in his official capacity, Petitioners,
v.
THE HONORABLE J. KEVIN STITT, GOVERNOR OF THE STATE OF OKLAHOMA, in his official capacity, Respondent.

MEMORANDUM OPINION

¶0 Petitioners brought this action seeking declaratory relief that Respondent lacked authority to enter into two tribal gaming compacts on behalf of the State and that the agreements do not bind the State. Original jurisdiction is assumed, and the declaratory relief sought by Petitioners is granted.


Winchester, J. 
¶1 Original jurisdiction is assumed. Okla. Const. art. VII, § 4. The Court invokes its publici juris doctrine to assume original jurisdiction here as the Petitioners, the Honorable Greg Treat, Senate President Pro Tempore, and the Honorable Charles McCall, Speaker of the House, have presented this Court with an issue of public interest in urgent need of judicial determination. Fent v. Contingency Review Bd., 2007 OK 27, ¶ 11, 163 P.3d 512, 521. The declaratory relief sought by Petitioners is granted. Ethics Comm'n of State of Okla. v. Cullison, 1993 OK 37, ¶ 4, 850 P.2d 1069, 1072.
¶2 Through mediation efforts in connection with a federal lawsuit pending in the United States District Court for the Western District of Oklahoma,[1] Respondent, the Honorable J. Kevin Stitt, Governor of the State of Oklahoma, negotiated and entered into new tribal gaming compacts with the Comanche Nation and Otoe-Missouria Tribes to increase state gaming revenues. The tribal gaming compacts were submitted to the United States Department of the Interior, and the Department of the Interior deemed them approved by inaction, only to the extent they are consistent with the Indian Gaming Regulatory Act (IGRA). 25 U.S.C. § 2710(d)(8)(C). The Court acknowledges that the Comanche Nation and Otoe-Missouria Tribes are not parties in this matter; these tribes are sovereign nations and have not submitted to the jurisdiction of this Court.
¶3 The limited question before this Court is whether Governor Stitt had the authority to bind the State with respect to the new tribal gaming compacts with the Comanche Nation and Otoe-Missouria Tribes. We hold he did not.
¶4 This question implicates the core notion of our constitutional structure: separation of powers. The legislative branch sets the public policy of the State by enacting law not in conflict with the Constitution. Okla. Const. art. V, § 1. The Governor has a role in setting that policy through his function in the legislative process, but the Governor's primary role is in the faithful execution of the law. Okla. Const. art. VI, §§ 8 & 11. Oklahoma's separation of powers doctrine is evident in the State's negotiation of tribal gaming compacts with Indian Tribes.
¶5 The Legislature, through the vote of the people, enacted those laws in the State-Tribal Gaming Act. 3A O.S. Supp. 2018, §§ 261-282. The State-Tribal Gaming Act sets forth the terms and conditions under which the State's federally recognized tribes can engage in Class III gaming on tribal land through Model Gaming Compacts. The Governor has the statutory authority to negotiate gaming compacts with Indian tribes to assure the State receives its share of revenue. However, the Governor must negotiate the compacts within the bounds of the laws enacted by the Legislature, including the State-Tribal Gaming Act. See 74 O.S. Supp. 2012, § 1221; Griffith v. Choctaw Casino of Pocola, 2009 OK 51, ¶ 12, 230 P.3d 488, 492.
¶6 The tribal gaming compacts Governor Stitt entered into with the Comanche Nation and Otoe-Missouria Tribes authorize certain forms of Class III gaming, including house-banked card and table games and event wagering. Any gaming compact to authorize Class III gaming must be validly entered into under state law, and it is Oklahoma law that determines whether the compact is consistent with the IGRA. Pueblo of Santa Ana v. Kelly, 104 F.3d 1546, 1557 (10th Cir. 1997); see also 25 U.S.C. § 2710(d)(8)(C).
¶7 Under Oklahoma law, conducting and participating in Class III gaming is not subject to criminal penalties as long as it occurs in conformance with the State-Tribal Gaming Act. 3A O.S. Supp. 2018, § 262(A). The State-Tribal Gaming Act is "game-specific" and allows for specified forms of Class III gaming. The State-Tribal Gaming Act expressly bars house-banked card games, house-banked table games involving dice or roulette wheels, and event wagering. See 3A O.S. Supp. 2018, § 262(H). The Legislature has yet to amend the State-Tribal Gaming Act to include house-banked card and table games and event wagering as covered games. As a result, the tribal gaming compacts at issue authorize types of Class III gaming expressly prohibited by the State-Tribal Gaming Act. In turn, any revenue to the State, the Comanche Nation Tribe or the Otoe-Missouria Tribe that would result from the tribal gaming compacts is prohibited. The Court must, therefore, conclude Governor Stitt exceeded his authority in entering into the tribal gaming compacts with the Comanche Nation and Otoe-Missouria Tribes that included Class III gaming prohibited by the State-Tribal Gaming Act. Even if the Governor had sought and obtained the Joint Committee's approval of these compacts as set forth in 74 O.S. Supp. 2012, § 1221, they would nevertheless be invalid. Just as the Governor is constrained by the statutory limitations on Class III gaming, so too is the Joint Committee.
CONCLUSION
¶8 The tribal gaming compacts Governor Stitt entered into with the Comanche Nation and Otoe-Missouria Tribes are invalid under Oklahoma law. The State of Oklahoma is not and cannot be legally bound by those compacts until such time as the Legislature enacts laws to allow the specific Class III gaming at issue, and in turn, allowing the Governor to negotiate additional revenue.
Gurich, C.J., Darby, V.C.J., Kauger, Winchester, Combs, and Rowe (by separate writing), JJ., and Reif, S.J., concur.
Kane, J., dissents;


Kane, J., dissenting:
"The Comanche Nation and Otoe-Missouria Tribes are indispensable parties to this action. I would dismiss the case for lack of indispensable parties. See 12 O.S.2011 § 2019; Northern Arapaho Tribe v. Harnsberger, 697 F.3d 1272, 1277-84 (10th Cir. 2012); Dewberry v. Kulongoski, 406 F.Supp.2d 1136, 1146-48 (D. Or. 2005); see also 12 O.S.2011 § 1653(A)."
 
Edmondson and Colbert, JJ., recused.

FOOTNOTES

[1] Complaint, The Cherokee Nation, et al. v. J. Kevin Stitt, Case No. CIV-19-1198-D (W.D. Okla. Dec. 31, 2019).
 




Rowe, J., concurring specially:
¶1 In order to expand the scope of permissible Class III gaming, the full Legislature would need to approve any new games by amendment to the State Tribal Gaming Act ("STGA") in accordance with the language of the Model Compact. Specifically, the definition of "covered game" under the Model Compact allows for approval of new games by amendment to the STGA. 3A O.S. § 281. In keeping with this requirement, when the State sought to expand the scope of Class III gaming in 2018 to include non-house-banked table games, it did so through legislation. 3A O.S. § 280.1.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 37, 850 P.2d 1069, 64 OBJ 978, Ethics Com'n of State of Okl. v. Cullison
Discussed
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARD
Discussed
 2009 OK 51, 230 P.3d 488, GRIFFITH v. CHOCTAW CASINO OF POCOLA
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1653, Declaratory Relief - Venue - Parties
Cited
 12 O.S. 2019, Joinder of Persons Needed for Just Adjudication
Cited
Title 3A. Amusements and Sports
 Cite
Name
Level

 3A O.S. 262, Authority to Issue Gaming Licenses - Regulation and Oversight of Games Covered by a Compact
Discussed
 3A O.S. 281, Provisions of the Model Tribal Gaming Compact
Cited
 3A O.S. 280.1, Gaming Compact Supplements
Cited
Title 74. State Government
 Cite
Name
Level

 74 O.S. 1221, Unique Status of Indian Tribes within Federal Government
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA