OSCN Found Document:Questions Submitted by: The Honorable Melissa Provenzano, Oklahoma House of Representatives, District 79

 

 
 Questions Submitted by: The Honorable Melissa Provenzano, Oklahoma House of Representatives, District 79
2025 OK AG 17
Decided: 12/11/2025
OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 17, __ P.3d __

 

¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:

1. Does the Superintendent of Public Instruction possess the statutory or constitutional authority to require only out-of-state teachers to pass an additional competency examination--beyond what is required under Oklahoma law--as a condition for certification or employment within the State of Oklahoma?

2. Would the implementation of such a testing requirement for out-of-state teachers conflict with any existing provisions of state or federal law governing teacher certification, licensure, reciprocity, or employment practices?

I.
SUMMARY

¶1 The Superintendent of Public Instruction ("State Superintendent") does not possess any authority under Oklahoma law to require out-of-state teachers to pass an additional examination as a condition for certification. The State Board of Education ("State Board") has express authority over licensure and certification matters, including issuing certificates to individuals who otherwise meet certification requirements. To meet certification requirements in most instances, an applicant for a teaching license must pass a competency examination adopted by the Commission for Educational Quality and Accountability ("CEQA").

II.
BACKGROUND

¶2 Oklahoma's educational system rests on four pillars. First, the Legislature must "establish and maintain a system of free public schools wherein all the children of the State may be educated." OKLA. CONST. art. XIII, § 1. Second, the Constitution vests supervision of instruction in Oklahoma public schools with the State Board, "whose powers and duties shall be prescribed by law." OKLA. CONST. art. XIII, § 5. Third, the State Superintendent is an elected executive officer who is the president of the State Board and who "shall perform such duties as may be designated in this Constitution or prescribed by law." OKLA. CONST. art. VI, § 1; see also OKLA. CONST. art. XIII, § 5. Fourth, and finally, decisions on discretionary matters concerning the daily operations and affairs in the public schools belong to locally elected boards of education. Ritter v. State, 2022 OK 73520 P.3d 37070 O.S.Supp.2025, § 3-10470 O.S.2021, § 1-115

III.
DISCUSSION

A. The State Superintendent does not have unilateral authority to require out-of-state teachers to pass an additional competency examination as a condition for teacher certification.

¶3 Consistent with its charge of establishing and maintaining a state system of public school education, the Legislature enacted the Oklahoma School Code ("School Code") in 1949, as a mechanism of organizing, operating, and supporting that system. Oklahoma Farm Bureau v. State Bd. of Educ., 1968 OK 98 3, 444 P.2d 18270 O.S.2021, §1-10270 O.S.2021, § 1-10570 O.S.Supp.2025, § 3-104

1. [a]dopt[ing] policies and mak[ing] rules for the operation of the public school[s] . . . ;

2. Perform[ing] all duties necessary to the administration of the public school system . . . as specified in the . . . School Code;

3. provid[ing] for the health and safety of school children and school personnel while under the jurisdiction of school authorities; and

4. perform[ing] . . . those duties not specifically mentioned . . . [in the School Code] if not delegated by law to any other agency or official.

70 O.S.Supp.2025, § 3-104

Additionally, and relevant here, the State Board has "authority in matters pertaining to the licensure and certification of persons for instructional, supervisory, and administrative positions and services . . . ." 70 O.S.Supp.2025, § 3-104

¶4 With regard to certification, and assuming the individual meets all otherwise applicable requirements, the School Code mandates that the State Board "shall"70 O.S.Supp.2025, §§ 6-19070 O.S.Supp.2024, § 6-12270 O.S.2021, § 6-122

¶5 In the first three situations, the School Code conditions certification on the individual also successfully completing a competency examination required under title 70, section 6-187 of the Oklahoma Statutes. See 70 O.S.Supp.2024, § 6-12270 O.S. Supp.2025, §§ 6-19070 O.S.2021, § 6-12270 O.S.Supp.2025, § 6-190Id.; 70 O.S.Supp.2025, §§ 6-18770 O.S.Supp.2025, §§ 6-190

¶6 If the Legislature intended to grant to the State Superintendent the separate and independent authority to require a competency examination as a condition of certification, it would have said so. It did not. Nowhere in the Constitution or in statute is the State Superintendent given express authority to establish, adopt, or require a competency examination as a condition of state certification. With that being the case, this office is unable to read into the law what is not there. Cox v. State, 2004 OK 1787 P.3d 607See also Jackson v. Indep. Sch. Dist. No. 16, 1982 OK 74648 P.2d 26Liddell v. Heavner, 2008 OK 6180 P.3d 1191 Signature Leasing v. Buyer's Grp., 2020 OK 50466 P.3d 544

¶7 This is not to say that the State Superintendent lacks any implied powers. The Oklahoma Supreme Court has held that "[a] statute creating an express power in the nature of an express affirmative duty normally creates an implied power necessary to fulfill that express affirmative duty." Western Heights Indep. Sch. Dist. v. State, 2022 OK 79518 P.3d 531Id. Also, the court approved the appointment of an interim superintendent as a lesser implied power to the express power of placing a school district on probation because it ensured the students' opportunity to attend an accredited school. Id. at ¶ 87, 518 P.3d at 557. Accordingly, this office must examine the State Superintendent's express powers and determine whether he or she has implied powers with regard to teaching examinations.

¶8 Constitutionally, the State Superintendent is the President of the State Board. OKLA. CONST. art. VI, § 1. However, without some delegation of authority, the Board acts as a body and not unilaterally through one person. OKLA. ADMIN. CODE § 210:1-1-6 (providing that the State Board acts as a whole and business is only officially transacted at meetings of the State Board, and authorizing the President to appoint subcommittees on specific tasks). The only express statutory power relevant here is that the School Code authorizes the State Superintendent to "interpret" State Board rule and policy. 70 O.S.2021, § 3-107

¶9 The Oklahoma Supreme Court "has relied on dictionary definitions to provide the plain, ordinary meaning of terms." Brassfield v. State, 2024 OK 9544 P.3d 938Interpret, BLACK'S LAW DICTIONARY (12th ed. 2024). State Board rules require "any person" applying for a certificate to pass the "Oklahoma Teacher Certification Test(s)" in the field(s) which corresponds to the desired credential. OKLA. ADMIN. CODE § 210:20-13-1. This year, the State Board amended this rule to require passing the "written test based solely upon the U.S. Naturalization Test" in addition to the "Teacher Certification Test(s). 42 Okla. Reg. 1189, 1237 (July 1, 2025). Pursuant to title 70, section 3-107.1 of the Oklahoma Statutes, the State Superintendent has the express authority to interpret these administrative regulations. However, using the scenario in your inquiry, the Superintendent may not "interpret" this rule by establishing a testing requirement that only applies to out-of-state candidates for a teaching certificate. This is especially true because (1) the rule, by its plain terms, expressly applies to all persons applying for a certificate, whether a resident of Oklahoma or not, and (2) the Legislature expressly exempts a person who is certified by another state from any competency examination tied to receiving an Oklahoma teaching certificate. 70 O.S.Supp.2025, § 6-190

¶10 Accordingly, and to bring this matter to a close, the Legislature does not authorize the State Superintendent to adopt a competency examination; nor does the State Superintendent have authority in matters pertaining to teacher certification. And the Legislature does not permit the State Superintendent to adopt or make rules for the operation of the public schools, or adopt a competency examination for teacher certification candidates. Those charges are expressly reserved for the CEQA, the State Board, and a local school district board of education. 70 O.S.Supp.2025, §§ 3-10470 O.S.2021, § 5-117Marley v. Cannon, 1980 OK 147618 P.2d 401

¶11 It is, therefore, the official Opinion of the Attorney General that:

The Superintendent of Public Instruction lacks any legal authority under Oklahoma law to unilaterally require out-of-state teachers to pass an additional examination as a condition for teacher certification or employment by a local public school district in Oklahoma. 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

BRADLEY CLARK
GENERAL COUNSEL

FOOTNOTES

[1] You ask about out-of-state teachers but do not specify whether the individual is currently certified by the resident state. Accordingly, to be fully responsive, this office answers your question under both scenarios--out-of-state certification and no out-of-state certification.

See 70 O.S.2021, § 5-117see also Indep. Sch. Dist. No. 12 v. State, 2024 OK 39565 P.3d 23Ritter v. State, 2022 OK 73520 P.3d 370

Oklahoma Educ. Ass'n v. State ex rel. Okla. Legislature, 2007 OK 30158 P.3d 1058Western Heights Indep. Sch. Dist. v. State, 2022 OK 79 77, 518 P.3d 531Oklahoma Farm Bureau, 1968 OK 98

Sneed v. Sneed, 1978 OK 138585 P.2d 1363

1999 OK AG 63

See also 70 O.S.2021, § 6-122

Id. Oklahoma does not currently have any such requirements under section 6-190.3.

70 O.S.2021, §§ 1-105Advise, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/advise (last visited Dec. 11, 2025). Accordingly, these express powers carry an implied power to publish a compilation of the laws and regulations affecting the public schools, or to provide staff to train the public schools on the laws and regulations. But the express power to advise on laws and rules does not equate to "adopting," "establishing," or having control over certification matters. The term "authority" means "power to influence or command, thought, opinion, or behavior;" and "adopt" means "to accept and establish (something, such as a law or policy) in a formal or official way." Authority, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/authority (last visited Dec. 11, 2025); see also Adopt, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/adopt (last visited Dec. 11, 2025). Consequently, these express powers necessarily include the implied power to establish and adopt structures for bonus compensation, as well as the authority to appoint advisors within the structural units of the State Department, subject to otherwise applicable requirements or limitations. And this pairs well with the State Superintendent's other enumerated power to "control of and direct" the State Department. 70 O.S.2021, § 3-107

See CDR Sys. Corp. v. Okla. Tax Comm'n, 2014 OK 31339 P.3d 848Granholm v. Heald, 544 U.S. 460, 125 S.Ct. 1885, 161 L.Ed.2d 796 (2005).