**Frances Aline JONES, and Jesse Marquez, a minor, by and through his next friend, Bill Hutchison, Petitioners,**

**v.**

**Virgil M. SHAW, County Judge of Canadian County, Oklahoma, Respondent.**

**No. 41393.**

Supreme Court of Oklahoma.

April 20, 1965.

Rehearing Denied May 11, 1965.

Jack P. Trezise, Midwest City, for petitioners.

Bernard S. Cohen, Philip J. Hirschkop, Lainof, Cohen & Cohen, Alexandria, Va., Melvin Wulf, New York City, for amici curiae, American Civil Liberties Union.

Virgil M. Shaw, pro se.

JACKSON, Vice Chief Justice.

This is an application by Frances Aline Jones and Jesse Marquez, a minor, who sues by and through his next friend, for a writ of mandamus directed to the respondent, Hon. Virgil M. Shaw, County Judge of Canadian County, to compel him to order the Court Clerk of Canadian County to issue a marriage license to applicants without the premarital physical examination required by 43 O.S.1961, § 31 et seq., and without the written consent of the parents of Marquez as required by 43 O.S.1961, § 3. Before applying to the County Judge for the order, Marquez sought the written permission of his parents, who refused to give it. After a hearing at which applicants testified, respondent refused to issue the order.

Although the application filed in the county court is not before us, the facts are undisputed. Frances Aline Jones is 22 years old and is a person "of African descent". Marquez is 19 years old and is a person "not of African descent". These people are the parents of two illegitimate children and will presently become the parents of a third child. They are of different religious faiths. On January 28, 1965, they filed their application before the respondent Judge, invoking the jurisdiction of the court under 43 O.S.1961, §§ 3 and 32. Section 3, after prohibiting, among other things, the issuance of a marriage license to a male applicant under the age of 21 years without the written consent of his parent or guardian, provides that:

"* * * this section shall not be construed to prevent the court from authorizing the marriage of persons under the ages herein mentioned, in settlement of suits for seduction or bastardy; and the courts may also authorize the marriage of persons under the ages herein mentioned, when the unmarried female is pregnant, or has given birth to an illegitimate child, whether or not any suits for seduction or bastardy have been brought; * * *".

Section 32 is a portion of an act of the 1945 legislature, as amended in 1959, requiring a premarital examination for syphilis prior to the issuance of a marriage license. This act is now codified as 43 O.S. 1961, §§ 31 through 37. Section 31 provides that any person seeking a marriage license shall first file with the clerk a certificate or affidavit from a physician stating that each party to the proposed marriage has been given a prescribed examination for syphilis and that in the opinion of the physician, neither party is infected with syphilis, or, if infected, that said disease is not in a communicable stage.

Section 32 provides that

"Because of an emergency or other cause shown by affidavit or other proof of both of the parties over the age of twenty-five (25) years, the Judge of the County Court, if satisfied by medical testimony, that neither the health of the individuals nor the public health and welfare will be injuriously affected thereby * * *"

may enter an order dispensing with the certificate or affidavit required by Sec. 31. The age requirement of Sec. 32 was added in a 1959 amendment; although the sentence structure may leave some doubt as to the legislative intent, the intent is made clear by reference to the title of the 1959 amendatory act: "An Act relating to marriages; * * * amending 43 O.S.1951, Sec. 32, which relates to power of county judge to waive requirement of physician's certificate by *requiring both parties to be twenty-five (25) years of age for such waiver to be made* * * *" (emphasis

supplied). Session Laws of 1959, page 183.

Applicants allege in effect that respondent refused to order the issuance of the marriage license to them solely because of the Oklahoma miscegenation statute, 43 O.S.1961, § 12 et seq. Sec. 12 is as follows:

"The marriage of any person of African descent, as defined by the Constitution of this State, to any person not of African descent, or the marriage of any person not of African descent to any person of African descent, shall be unlawful and is hereby prohibited within this State."

Sec. 13 makes the violation of Sec. 12 a felony and prescribes the punishment therefor.

It is argued that under recent decisions of the United States Supreme Court on closely related questions, these sections are unconstitutional in that they deny to applicants the equal protection of the laws, and due process of law, guaranteed by the Fourteenth Amendment of the United States Constitution. On this question we have been favored with excellent briefs by the applicants and by amicus curiae, the American Civil Liberties Union. However, these briefs entirely ignore the cited statutory requirements concerning parental consent for the marriage of minors, the premarital examination for syphilis, and the discretionary power of the County Judge to order a waiver of these requirements. These questions were all raised in a brief filed by respondent in his own behalf without benefit of counsel.

We find it impossible to reach the constitutional question sought to be presented in this proceeding. Under the undisputed facts, applicants are not entitled to the marriage license they seek, and this is true without regard to the constitutionality of the Oklahoma miscegenation statute. More specifically, they are not entitled to a writ of mandamus from this court compelling the county judge to order the issuance of the license. Not only is the county judge vested with discretion as to whether the requirement of parental consent should be waived (see Huckaby v. State, 94 Okl.Cr. 29, 229 P.2d 235), but but he is without power under 43 O.S.1961, § 32, to waive the premarital physical examination in this case, since both parties are under twenty-five years of age. Even if the age requirement were not a bar, we note that the premarital physical examination may be waived by the county judge only on the basis of *medical* testimony. No medical testimony—or testimony of any kind—was presented in this case in support of the application to waive the premarital physical examination requirement. Applicants are clearly not entitled to the writ they seek from this court.

Mandamus is not a writ of right, and will not lie where plaintiff fails to show a clear legal right thereto. Marland v. Hoffman, 184 Okl. 591, 89 P.2d 287.

One of the most firmly established doctrines in the field of constitutional law is to the effect that a court will pass upon the constitutionality of a law only when necessary to the determination upon the merits of the cause under consideration. 11 Am.Jur., Constitutional Law, Sec. 93; In re Central Oklahoma Master Conservancy District, Okl., 359 P.2d 725, 727.

No constitutional question will be passed on if the rights of the complaining party would be the same whether or not the statute is held unconstitutional. 16 C.J.S. Constitutional Law § 94.

"The best teaching of this Court's experience admonishes us not to entertain constitutional questions in advance of the strictest necessity." Poe et al. v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989, citing Parker v. County of Los Angeles, 338 U.S. 327, 333, 70 S.Ct. 161, 94 L.Ed. 144.

The application for writ of mandamus is denied.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.