STATE of Oklahoma ex rel. William F.
POULOS, Petitioner,

Tulsa County Area Vocational-Technical
School District No. 18 et al.,
Intervenors,

v.

**STATE BOARD OF EQUALIZATION,**
Respondent.

No. 48202.

Supreme Court of Oklahoma.

March 30, 1976.

### ORDER

Upon consideration of the "Plan of Compliance" filed by the State Board of Equalization January 7, 1976, and after consideration of oral and written arguments presented in support thereof and in opposition thereto on March 2, 1976,

THE COURT FINDS:

(1) The proposed "Plan of Compliance" should be rejected because of a variance between 8% and 17.91% which permits inequality of valuation among the counties of this state.

(2) That a Writ of Mandamus be issued directing the State Board of Equalization to comply with its constitutional and statutory duties to adjust and equalize the valuation of real and personal property of all the counties of the State of Oklahoma.

(3) That the Board shall satisfy its constitutional and statutory duty as set out in our previous decision in this matter by setting a definite percentile equally applicable to all counties, but may take into consideration the following:

(a) A permissible deviation not to exceed three percentage points above or below the assessment rate.

(b) That the necessary adjustments to achieve uniformity as set out here be implemented within a three year period beginning on the date which the counties next certify their assessment to the State Board of Equalization with at least one-third of the movement necessary to meet said level to be accomplished in each year.

(c) Provided, however, that nothing herein shall prevent the Board from establishing a percentile or percentiles based upon different classifications of real and personal property as may now or hereafter be authorized by acts of the legislature.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a Writ of Mandamus be issued and the State Board of Equalization is hereby required to comply with their constitutional and statutory duties to adjust and equalize the valuation of real and personal property of the several counties in the state within the permissible limits as set out herein.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, and BARNES, JJ., concur.

IRWIN, J., dissents.

SIMMS, J., concurs in part, dissents in part.

DOOLIN, J., concurs in part, dissents in part.

SIMMS, Justice (concurring in part, dissenting in part):

I concur with that portion of this Court's Order promulgated March 30, 1976,

wherein a writ of mandamus is issued requiring the State Board of Equalization to comply with their constitutional and statutory duties regarding adjustment and equalization of the valuation of real and personal property of the several counties in the state; and I further concur in that portion of that order permitting the Board to base the valuation upon different classifications of real and personal property as is specifically authorized by Article X, § 22, of the Oklahoma Constitution, and as well, I concur in the rejection of the proposed "plan of compliance."

However, I respectfully dissent to the remaining provisions of the order which undertake to direct the State Board of Equalization as to how and when equalization should be accomplished. I submit those portions of the order are constitutionally impermissible for the specific reason that they constitute an unauthorized exercise of judicial power as is hereinafter demonstrated.

The initial issue presented to this Court was that of whether mandamus should issue to require the Board to equalize taxes in accordance with constitutional and legislative mandate. It was the unequivocal opinion of this Court that the Board had not fulfilled their obligation in this respect. It is elementary to our system of jurisprudence that while this Court had the judicial power to compel an inferior court, board, or tribunal to act, we may not, through the office of mandamus, compel them to a particular conclusion.

It is respectfully submitted that when this Court, in a mandamus action, imposes specified percentile limitations together with a proviso as to time-frame, we do so legislatively rather than within the limitation of constitutionally defined judicial authority. It occurs to me that the valuation of property for purposes of taxation is an incident to the taxing power, which is vested in the legislative power of this State, and is in no sense judicial.

The State Board of Equalization is an integral part of the necessary machinery for the assessment of taxes. It is created by the Constitution as an administrative body legislative in character and composed of members chosen from the executive branch. It is a special tribunal and separate legal entity charged with specific duties, one of which is the equalization of taxes among the various counties. The duties of this Board, as set forth in the Constitution, are to adjust and equalize the valuation of real and personal property of the several counties of the State and to perform such other duties as may be prescribed by law. See, *In re: Assessment of Kansas City Southern Ry. Co.,* 168 Okl. 495, 33 P.2d 772 (1934).

Believing that equalization of taxes is administrative in nature as an adjunct to the legislative power to tax, I must conclude that this duty is wholly outside the proper functions of the judiciary.

In this context, judicial power was considered and defined by the Supreme Court of Illinois in the case of *Owners of the Land v. People, et al.,* 113 Ill. 296 (1885), as follows:

> "Judicial power is the power which adjudicates upon and protects the rights and interests of individual citizens, and, to that end, construes and applies the laws. The term has never been applied to those cases where judgment is to be exercised as incident to the execution of ministerial power."

Addressing this issue of the inherent distinctions between legislative and judicial functions in the case of *Prentis v. Atlantic Coast Line Co.,* 211 U.S. 210, 29 S.Ct. 67, 69, 53 L.Ed. 150, Mr. Justice Holmes wrote:

> "A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power.

The establishment of a rate is the making of a rule for the future, and therefore is an act legislative, not judicial, in kind. * * *"

Requesting this Court to approve, and by necessary implication to promulgate, a "plan of compliance" asks that we engage in a function totally foreign to the recognized judicial power. The judiciary should not participate or acquiesce in the usurpation of powers not entrusted to it by the constitution. Rather this Court should be zealous in its efforts to keep within the limits of its jurisdiction; while recognizing that these limits are not always easy to appreciate and clearly define because of the increasing political power exercised by the other two branches of government.

It is respectfully submitted that confusion of the powers of government is inevitable unless this Court carefully abstains from exercising administrative functions of the legislative and executive departments.

I am not unmindful of the fact that to achieve near uniformity by way of equalization of taxes between the various counties is a most difficult goal to achieve. Even the most uninformed would recognize that such an undertaking would require a voluminous input of facts, figures, and pertinent information which would lead to the desired result, to wit, equalization. While various facts, figures and percentiles have been recommended to this Court as a mean percentage on which to base equalization, the majority recognizes that we are without sufficient information to establish or recommend any percentile. I would also submit that for the same reason, we should not undertake to recommend any permissible or impermissible variation from an established figure.

The direct and obvious effect of the order entered by this Court this day will be either to increase or to abate the amount of ad valorem tax assessed upon individual property owners by Order of the Supreme Court. Without question, such result is beyond the contemplation of a mandamus proceeding.

The Constitution places the power and responsibility for the equalization of taxes by either increase or abatement upon the Board of Equalization, not this Court. The sole and exclusive remedy from their ultimate decision is that of appeal to this Court as provided by 68 O.S.1971, § 2468, which states:

"The proceedings before the Boards of Equalization and appeals therefrom shall be the sole method by which assessments or *equalizations shall be corrected* or taxes abated. * * *" (emphasis added)

I would adhere to the fundamental doctrine of "separation of powers" and adhere to the fundamental philosophy of our democratic republic by limiting the order within the proper bounds of judicial authority by issuing a writ of mandamus and refusing to approve the tendered plan of compliance.

I am authorized to state that Justice JOHN B. DOOLIN joins in the views expressed in this opinion concurring in part and dissenting in part.